IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Judy Hawkins, ) | |
| ) | Civil Action No. 6:04-22144-GRA-WMC |
| Plaintiff, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| Mike Bishop, Shirley Bishop, ) | |
| and Shoe Show, Inc., ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the court on the defendants' motion for summary judgment. In her complaint, the plaintiff, who is proceeding *pro se*, alleges discrimination based upon her race in violation of Title VII of the Civil Rights Act of 1964, as amended.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(g), D.S.C., all pretrial matters in employment discrimination cases are referred to a United States Magistrate Judge for consideration.

On August 12, 2005, the defendants filed a motion for summary judgment. By order filed August 16, 2005, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On October 11, 2005, the plaintiff filed a response to the motion for summary judgment. The response is in the form of a personal statement and is not supported by affidavits or other exhibits.

**FACTS PRESENTED**

The plaintiff, who is black, began working for the defendant Shoe Show in January 1999. Defendant Mike Bishop was the Shoe Show employee who hired the plaintiff.

The plaintiff was the manager of the company's store #580, which is located in Greer, South Carolina. As store manager, the plaintiff reported to Bishop, who was the District Supervisor for the territory including the Greer, South Carolina store (def. m.s.j., ex. 1, Manning aff. ¶3).

On several occasions, Bishop counseled the plaintiff on job performance issues. The plaintiff was counseled on April 28, 1999; April 19, 2002; June 13, 2002; June 26, 2002; January 20, 2003; August 19, 2003; and October 13, 2003 (Manning aff. ¶4; def. m.s.j., ex. 2). Pursuant to company policy, these complaints included documentation of the counseling efforts undertaken to inform the plaintiff of the perceived problems (def. m.s.j., ex. 2).

In November 2001, the plaintiff and Bishop argued over a work-related matter. During the argument, Bishop made the comment, "slaves must obey their masters" (Manning aff. ¶ 5). Believing the comment had offended the plaintiff, Bishop apologized for making the statement and reported the matter to Shoe Show's corporate office. The corporate office conducted an investigation, and the plaintiff stated that she accepted Bishop's apology and requested that the company not take disciplinary action against Bishop because she believed he was sorry for the comment (Manning aff. ¶ 6). Following this incident, Shoe Show received no other reports or complaints from the plaintiff for any offensive comments, racial or otherwise, or conduct by Bishop (Manning aff. ¶ 9). The plaintiff remained an employee until October 27, 2003, when she was terminated for insubordination. The separation report is signed by Regional Director Paula McIllvain (Manning aff. ¶ 10; def. m.s.j., ex. 2).

The plaintiff filed a charge against Shoe Show with the Equal Employment Opportunity Commission ("EEOC") on November 4, 2003, alleging racial discrimination in violation of Title VII.

**APPLICABLE LAW**

Federal Rule of Civil Procedure 56(c) states, as to a party who has moved for summary judgment:

2

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual

3

disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Furthermore, Rule 56(e) provides in pertinent part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed.R.Civ.P. 56(e). Accordingly, when Rule 56(e) has shifted the burden of proof to the non-movant, he must produce existence of every element essential to his action that he bears the burden of adducing at a trial on the merits.

## **ANALYSIS**

Liberally construing the plaintiff's complaint,[1] she alleges claims for hostile work environment, disparate treatment, and retaliation in violation of Title VII. The plaintiff has no direct evidence supporting her claims. Therefore, under the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-804 (1973), the allocation of proof is as follows: (1) the plaintiff-employee must first establish a *prima facie* case of discrimination; (2) if the plaintiff succeeds in proving the *prima facie* case, the burden shifts to the defendant-employer to articulate a legitimate non-discriminatory reason for its actions; and (3) if the defendant carries this burden, the plaintiff must then establish by a preponderance of the evidence that the reason articulated by the employer is a pretext to mask unlawful discrimination. *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 252-53 (1981) (quoting *McDonnell Douglas,* 411 U.S. at 802-03).

---

[1] On February 22, 2005, the plaintiff moved to amend her complaint to "add harassment as a cause of action." This court granted the plaintiff's motion on March 15, 2005; however, it does not appear that the plaintiff ever filed or served an amended complaint. It appears to this court, however, that the plaintiff has alleged a claim for hostile work environment (or harassment) in her original complaint.

4

In *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133 (2000), the Supreme Court reiterated that evidence of pretext, combined with the plaintiff's *prima facie* case, does not compel judgment for the plaintiff, because "[i]t is not enough ... to *dis*believe the employer; the factfinder must *believe* the plaintiff's explanation of intentional discrimination." *Id.* at 147 (quoting *St. Mary's Honor Ctr.*, 509 U.S. at 519) (emphasis in original). However, the Court also stated that, under the appropriate circumstances, "a plaintiff's *prima facie* case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated." *Id*. It is the plaintiff's burden to create an inference that the defendant's proffered reason is a pretext for intentional discrimination. *See id.* at 147-48. Pretext analysis does not convert Title VII into a vehicle for challenging unfair – but nondiscriminatory – employment decisions. *Holder v. City of Raleigh*, 867 F.2d 823, 828 (4th Cir. 1989). Conclusory allegations, without more, are insufficient to preclude the granting of the defendant's summary judgment motion. *Ross*, 759 F.2d at 365.

> To state a hostile work environment claim, [the plaintiff] must allege that: (1) she experienced unwelcome harassment; (2) the harassment was based on her gender . . . ; (3) the harassment was sufficiently severe or pervasive to alter the conditions of employment and create an abusive atmosphere; and (4) there is some basis for imposing liability on the employer.

*Bass v. E.I. Dupont de Nemours*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Causey v. Balog*, 162 F.3d 795, 801 (4th Cir.1998)). Assuming there is evidence that the alleged harassment was motivated by the her race, the plaintiff's hostile environment claim still fails because the harassment was not sufficiently severe or pervasive to create an abusive atmosphere or to otherwise alter the plaintiff's conditions of employment. In evaluating whether harassment is severe and pervasive so as to make it actionable under Title VII, the court "must examine the totality of the circumstances, including 'the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and

5

whether it unreasonably interferes with an employee's work performance.'" *Hopkins v. Baltimore Gas & Electric*, 77 F.3d 745, 753 (4th Cir. 1996) (quoting *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 23 (1993)).

These factors applied to the plaintiff's allegations do not support a finding that the harassment was sufficiently severe and pervasive. The plaintiff complains of one specific incident: Bishop's statement in November 2001 that "slaves must obey their masters." This conduct is simply too infrequent to be pervasive. *See Baskerville v. Culligan Int'l Co.*, 50 F.3d 428, 430 (7th Cir. 1995) (nine separate incidents over seven-month period not pervasive). The statement occurred nearly two years prior to the plaintiff's termination of employment and can at most be construed as a "mere offensive utterance." Further, there is no evidence that the comment unreasonably interfered with the plaintiff's work performance. Based upon the foregoing, the plaintiff cannot establish a *prima facie* case of hostile environment based on her race.

Broadly construing the plaintiff's complaint, she alleges that her termination was the result of race discrimination by Shoe Show. In order to establish a *prima facie* case, she must prove each of the following elements: (1) she is a member of a protected class; (2) she suffered an adverse employment action; (3) she was performing her job duties at a level that met her employer's legitimate expectations at the time of the adverse employment action; and (4) the position remained open or was filled by similarly qualified applicants outside the protected class. *Hill v. Lockheed Martin Logistics Mgmt., Inc.*, 354 F.3d 277, 285 (4th Cir. 2004) (*en banc*). While the plaintiff can satisfy the first two elements, she has presented no evidence with regard to the last two elements. The plaintiff offers nothing other than her own allegations that she "did not go against Shoe Show rules or policies" (pl. resp. m.s.j. 1). Also, as the plaintiff alleges that the same person who hired her also committed the discriminatory act, a "powerful inference" arises that the act was not motivated by discriminatory animus.

6

*Proud v. Stone*, 945 F.2d 796, 798 (4th Cir. 1991). *See Evans v. Technologies Applications & Serv. Co.*, 80 F.3d 954, 959 (4th Cir. 1996) (applying "same actor" doctrine to Title VII claims).

Even assuming the plaintiff could establish a *prima facie* case, Shoe Show has countered with a legitimate, non-discriminatory reason for her termination of employment – that the plaintiff insubordinate. The plaintiff has presented no evidence that the stated reason for her termination was merely a pretext for discrimination. Accordingly, the claim fails.

Furthermore, assuming the plaintiff has attempted to state a claim for retaliation under Title VII, that claim also fails. In order to establish a *prima facie* case of retaliation, the plaintiff must show that "'(1) she engaged in a protected activity; (2) the employer took adverse employment action against her; and (3) a causal connection existed between the protected activity and the asserted adverse action.'" *Matvia v. Bald Head Island Mgmnt.*, *Inc.,* 259 F.3d 261, 271 (4th Cir. 2001) (quoting *Von Gunten v. Maryland*, 243 F.3d 858, 863 (4th Cir. 2001)). Even assuming that the plaintiff could establish the first two elements, she has come forward with no evidence that a causal connection existed between her complaints regarding Bishop and her termination from employment. Accordingly, a claim of retaliation would also fail.

## **CONCLUSION AND RECOMMENDATION**

Now, therefore, for the reasons set forth above, it is recommended that the defendants' motion for summary judgment be granted.

_____
WILLIAM M. CATOE
UNITED STATES MAGISTRATE JUDGE

October 31, 2005

Greenville, South Carolina

7